**Roseann POLITE, Individually and on behalf of Charles Polite, an Infant, Plaintiff,**

v.

**Daniel CASELLA, Esq., Harvey Singer, Esq., Lynn Smith, Broome County Department of Social Services, and County of Broome, Defendants.**

No. 95–CV–644.

United States District Court, N.D. New York.

Oct. 18, 1995.

---

1. Billed at the Zwerling firm's associate rate.

2. Includes time set forth in Supplemental Affirmation.

M. Suzanne McMahon, P.C., Johnson City, NY (M. Suzanne McMahon, of counsel), for plaintiff.

Broome County Attorney's Office, Binghamton, NY (Robert G. Behnke, of counsel), for defendants Lynn Smith, Broome County Department of Social Services and County of Broome.

### MEMORANDUM–DECISION and ORDER

McAVOY, Chief Judge.

## I. INTRODUCTION

Plaintiff Roseann Polite commenced this action by filing a complaint on May 12, 1995, in which she alleged various federal and state causes of action against **defendants Daniel Casella, Harvey Singer, Lynn Smith, the Broome County Department of Social Services ("DSS"), and Broome County.** By orders dated September 26, 1995, and October 2, 1995, the Court dismissed plaintiff's claims against defendants Singer and Casella, respectively, for lack of subject-matter jurisdiction. Defendants Smith, DSS, and Broome County now move to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

## II. BACKGROUND

Plaintiff Roseann Polite gave birth to a boy, Charles, on October 13, 1989, at Lourdes Hospital in Binghamton, New York. Plaintiff was only 14 years old at the time of Charles' birth. Charles subsequently was transferred to Wilson Hospital in Johnson City, New York, because he required treatment for a cyst in his throat. Plaintiff alleges that when she arrived to pick up Charles following his treatment, police officers and DSS officials appeared and removed Charles. The officials then placed Charles in DSS foster care facilities, where he remained for a period of three years.

On October 24, 1989, DSS filed a neglect petition regarding Charles in the Broome County Family Court. In an order dated April 2, 1990, the Hon. Herbert B. Ray, Family Court Judge, responded by awarding custody of Charles to DSS on a temporary basis and ordering plaintiff to undergo a psychiatric and psychological evaluation at Broome County Mental Health Services.

Defendant Singer, a Binghamton attorney, was appointed on March 25, 1991, to represent plaintiff in her ongoing dealings with DSS and Family Court. Plaintiff was interviewed by a clinical social worker and a psychiatrist pursuant to Judge Ray's order in the summer of 1991, during the period that defendant Singer acted as plaintiff's attorney. Both the social worker and psychiatrist gave plaintiff favorable reviews and recommended that her access to Charles be increased.

On February 4, 1992, DSS filed a permanent neglect petition in Family Court regarding Charles. Three weeks later, defendant Singer was discharged as plaintiff's attorney and replaced for a short time by another Binghamton attorney, Patricia Dunn. Ms. Dunn subsequently was replaced in mid–1992 by defendant Casella, an attorney from Johnson City. On July 24, 1992, defendant Casella represented plaintiff in the formal hearing of DSS's permanent neglect petition. In an order dated August 11, 1992, Judge Ray terminated plaintiff's parental rights and

committed Charles to DSS for adoption placement. Plaintiff apparently has not appealed from Judge Ray's order.

Plaintiff brought suit in this Court alleging, *inter alia*, that her rights under the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. §§ 671(a)(15), 675(5)(A), 675(5)(C), and 1397(3) were violated by defendants Smith, DSS, and Broome County during the events stated above. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. She also is attempting to join state law claims against defendants based in negligence and *respondeat superior*. Defendants' primary allegation here is that because no private cause of action exists under the federal statutes cited by plaintiff, her claims under those statutes must fail for lack of subject matter jurisdiction. Defendants also argue that several other claims by plaintiff fail to refer to defendants and consequently should be dismissed for failure to state a cause of action. Finally, defendants argue that the Court should decline to exercise pendent claim jurisdiction over plaintiff's state law claims once the Court dismisses all her federal claims.

## III. DISCUSSION

Plaintiff derives her right to seek relief in this case from 42 U.S.C. § 1983, which is the basis for most suits in federal court against state and local governments and government officers. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. Section 1983 does not create federal court jurisdiction. Rather, it creates a cause of action, a legal entitlement to relief, against those who violate federal law while acting pursuant to state government authority.

In their memorandum of law, defendants argue that plaintiff's Section 1983 claims must fail because the federal statutes on which they are based create no private causes of action. First, Counts Four, Five, Six, Eight, and Nine of the Complaint should be dismissed, according to defendants, because they are founded on the Federal Adoption Assistance and Child Welfare Act ("FA-ACWA"), 42 U.S.C. §§ 670 *et seq.* Defendants argue that under the FAACWA, only the federal government may act against a state or locality's failure to comply with their own plans for foster care and adoption assistance. Second, Counts Seven and Ten should be dismissed, in defendants' view, because they are based on the Social Security Act, Title XX, Chapter 7 ("Chapter 7"), 42 U.S.C. §§ 1397 *et seq.* Defendants allege that Chapter 7 was enacted "to enable states to provide financial assistance to needy persons and not as a means of seeking compensation when one of those persons is (allegedly) indirectly injured by the state." (Defs' Mem.Supp.Dism. at 9.)

The Court finds that Counts Four through Ten of the Complaint should be dismissed as against defendants. Not only has plaintiff declined to contest defendants' statement of the relevant law, the Court tends to agree with defendants' position. Section 1983 is not available to enforce a violation of a federal statute "where Congress has foreclosed such enforcement of the statute in the enactment itself and where the statute did not create enforceable rights, privileges, or immunities" within the meaning of Section 1983. *Suter v. Artist M.*, 503 U.S. 347, 355–56, 112 S.Ct. 1360, 1366, 118 L.Ed.2d 1 (1992); *Wright v. City of Roanoke Redevelopment and Housing Auth.*, 479 U.S. 418, 423, 107 S.Ct. 766, 770, 93 L.Ed.2d 781 (1987). The Court also finds that Counts One, Two, Eleven, and Twelve should be dismissed as against defendants Smith, DSS, and Broome County because plaintiff makes no allegations or claims against these defendants under said counts.

The most significant remaining issue, therefore, is whether Count Three of the Complaint, wherein plaintiff alleges violations of due process under the Fourteenth Amendment, should be dismissed here. Defendants Smith, DSS, and Broome County argue that it should, because they claim that plaintiff has made no specific allegation or claim against them under Count Three. Plaintiff counters that, although it may have been unartfully drafted, the Complaint does in fact allege—in Count Three and elsewhere—constitutional due process violations by defen-

dants Smith, DSS, and Broome County sufficient for redress under Section 1983. Plaintiff relies on the lenient standards of Fed. R.Civ.P. 8(f) to support her arguments.

■ To determine whether plaintiff has stated a cause of action against defendants, the Court initially must determine the nature of the allegations required by Section 1983. Plaintiff's argues essentially that she is seeking compensation and injunctive relief under Section 1983 for defendants' alleged violation of her due process rights before, during, and after the permanent neglect hearing of July, 24, 1992. Any claim so predicated on a violation of due process must involve the invasion of a recognized life, liberty, or property interest. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195–96, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989). Fortunately for plaintiff, an indigent parent's right to the "care, custody, and management of their child" has been held to be a liberty interest entitled to constitutional protection. *van Emrik v. Chemung County Dep't of Social Servs.*, 911 F.2d 863, 867 (2d Cir.1990); *Gottlieb v. County of Orange*, 871 F.Supp. 625, 628 (S.D.N.Y.1994).

■ Plaintiff also is correct that a due process claim must allege more than mere negligence on the part of a defendant. *Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986). However, the Second Circuit has indicated that an allegation of "deliberate indifference" by a defendant is a sufficient intentional predicate. In other words, state actors may be liable under Section 1983 if their nonfeasance of affirmative duties "[was] a substantial factor leading to the denial of a constitutionally protected liberty or property interest and the officials displayed a mental state of deliberate indifference with respect to those rights." *P.C. v. McLaughlin*, 913 F.2d 1033, 1044 (2d Cir.1990); *Doe v. New York City Dep't of Social Servs.*, 649 F.2d 134, 141 (2d Cir.1981), *cert. denied sub nom. Catholic Home Bureau v. Doe*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

■ Concerning the standards for pleading in federal court, Fed.R.Civ.P. 8 dictates that "[a]ll pleadings shall be so construed as to do substantial justice." Fed. R.Civ.P. 8(f). This provision "is not simply a precatory statement but reflects one of the basic philosophies of practice under the federal rules." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1286 (1990). Moreover, "lawsuits should be determined on their merits and according to the dictates of justice, rather than in terms of whether or not the averments in the paper pleadings have been artfully drawn." *Id.* Based on these standards, a court should not require technical exactness but should make a determined effort to understand what a plaintiff is attempting to set forth in his or her pleading. *See Alexander v. Unification Church of America*, 634 F.2d 673, 678 (2d Cir.1980) (holding that plaintiff's mislabeling of counts in his complaint was immaterial).

■ Returning to the Complaint in this case, the Court must address the question of whether, upon the totality of the pleading, plaintiff has set forth allegations sufficient to state a cause of action under Section 1983 for deprivation of her right to due process under the Fourteenth Amendment. The Court finds that plaintiff has satisfied this burden. In Count Three of the Complaint, paragraphs 49, 50, and 57[1] clearly name defendants Smith, DSS, and Broome County as parties who contributed to the alleged termination of plaintiff's parental rights without due process of law. Furthermore, outside of Count Three, paragraphs 82–86[2] also expressly charge that defendants violated due process norms. Finally, while plaintiff failed to use the magic words "deliberate indifference," the Court agrees that the alleged conduct of defendants reasonably could be characterized as indicative of a deliberate indifference to plaintiff's constitutional rights.

■ On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the facts alleged by a

---

1. Paragraph 57, for example, states that the decision to terminate plaintiff's parental rights was "pre-determined [sic] by DSS."

2. Paragraph 83, for example, states that "DSS failed to investigate Teresa Glick's proposal to provide housing for [plaintiff and her son]."

plaintiff are assumed to be true and must be liberally construed in a light most favorable to the plaintiff. *Easton v. Sundram,* 947 F.2d 1011, 1014 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). In sum, a complaint should not be dismissed for failure to state a claim unless it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle him or her to relief. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). With the applicable standards thus established, the Court finds that, if the facts unartfully alleged in the Complaint are true, then defendants arguably have violated plaintiff's due process rights under the Fourteenth Amendment. As a result, plaintiff has stated a cause of action under 42 U.S.C. § 1983 and defendants' motion to dismiss cannot be granted.

## IV. CONCLUSION

Counts Four through Ten of the Complaint are dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because the Court lacks jurisdiction to adjudicate them. Furthermore, Counts One, Two, Eleven, and Twelve are dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because they fail to state a cause of action against defendants Smith, DSS, or Broome County. For the foregoing reasons, however, plaintiff's 42 U.S.C. § 1983 claim that defendants violated her Fourteenth Amendment due process rights is still pending. Because plaintiff still maintains this federal claim, the Court presently will retain jurisdiction over plaintiff's state law claims in accordance with 28 U.S.C. § 1367. Defendants' motion to dismiss the Complaint in its entirety is hereby DENIED.

**IT IS SO ORDERED.**